**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JESSIE HILL,**
**ADC #104136** **PLAINTIFF**

**v.** **Case No. 4:24-cv-01060-KGB**

**MAURICE D. CULCLAGER,**
**Deputy Warden, *et al.*** **DEFENDANTS**

**ORDER**

The Court has received the Recommended Disposition ("Recommendation") from United States Magistrate Judge Joe J. Volpe (Dkt. No. 10). In the Recommendation, Judge Volpe explained that he was recommending dismissal of plaintiff Jessie Hill's complaint because Hill had accumulated three strikes as defined by 28 U.S.C. § 1915(g) (*Id.*, at 1). Judge Volpe described how on December 17, 2024, he entered an Order giving Hill an opportunity either to pay the filing fee in full or file an *in forma pauperis* application along with an amended complaint explaining how Hill satisfied the imminent danger exception set forth in § 1915(g) (*Id.*). In the Order, Judge Volpe cautioned Hill that he would recommend that Hill's case be dismissed without prejudice if Hill did not comply with the Order within 30 days (*Id.*, at 2). Hill did not comply with Judge Volpe's December 17, 2024, Order by filing a motion to proceed *in forma pauperis* and an amended complaint within the time period Judge Volpe directed, and Judge Volpe filed his Recommendation recommending that Hill's case be dismissed without prejudice due to lack of prosecution (*Id.*, at 2).

Hill has filed objections to Judge Volpe's Recommendation (Dkt. Nos. 11; 13; 14).[1] In the objections, Hill demands his release from the East Arkansas Regional Unit of the Arkansas Division of Correction ("ADC") for many reasons that appear related to his 1995 trial for capital murder, but he does not assert that he is currently in "imminent danger" of irreparable harm in order for the Court to find that the exception to the three strikes rule applies (Dkt. Nos. 11; 13; 14). *See* 28 U.S.C. § 1915(g) (providing that prisoners with three strikes should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient"). Hill references a complaint that he made for a human trafficking violation against several ADC and state officials that he asserts led to his mother's removal from his ADC visitation list and that he asserts caused some ADC officials to tell him that his mother was dead (*see* Dkt. Nos. 11, at 12–13, 17–18; 13, at 1, 9, 17, 20, 23, 28-38; 14, at 5–6, 7–8). The Court has not found, however, any allegations in Hill's filings that allege that his filing of the human trafficking complaint put him in imminent danger of serious physical injury at the time he filed the complaint in this action.

The Court acknowledges that, after filings his objections to the Recommendation, Hill filed a motion for leave to proceed *in forma pauperis* (Dkt. No. 15). However, Given that Hill does not satisfy the imminent danger exception, Hill is not entitled to proceed *in forma pauperis* in this case.

[1] The Court notes that the only objections filed by Hill before the 14-day deadline for filing objections to the Recommendation were the objections filed January 31, 2025. The Court has also considered Hill's objections filed March 10, 2025, and his "Letter Of Intent Quo Warranto" as objections to Judge Volpe's Recommendation (Dkt. Nos. 13; 14).

Upon a *de novo* review of the record, including the Recommendation, the Court finds that Hill's objections break no new ground and fail to rebut the Recommendation. Thus, the Court agrees with the Recommendation and adopts it as its findings in its entirety (Dkt. No. 10).

It is therefore ordered that:

1. The Court dismisses without prejudice Hill's complaint (Dkt. No. 1).

2. The Court denies as moot Hill's motion to proceed *in forma pauperis* (Dkt. No. 15).

3. The Court denies as moot Hill's motion for discovery (Dkt. No. 17).

4. The Clerk of the Court is directed to close the case.

5. Hill has 30 days from the date of this Order in which to reopen this case by paying the $405.00 filing fee in full.

It is so ordered this 31st day of August, 2026.

Kristine G. Baker
Chief United States District Judge